CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 12 2004

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANDRA KEELS SARKISIAN, | )<br>) |
| Petitioner, | ) Civil Action No. 7:02CV00517 |
| v. | )<br>) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | )<br>) By: Samuel G. Wilson, |
| Respondent. | ) United States District Judge |

Sandra Sarkisian, a federal prisoner proceeding pro se, has filed a motion for downward departure in sentencing, claiming that her assistance to the government merits a reduction in sentence. The government opposes the motion. Finding no reason to question the government's discretionary decision, the court denies Sarkisian's motion.

I.

On October 21, 2001, Sarkisian pled guilty before this court to charges of sexual exploitation of children and use of a computer to transmit sexually explicit photos of children. In January 2003, the Assistant United States Attorney ("AUSA") who prosecuted Sarkisian received a letter from an agent who investigated an unrelated murder case, informing him that Sarkisian provided some information about admissions made by the defendant in that case and testified at trial. This information was neither critical or necessary to obtain a conviction, and the AUSA decided not to file a substantial assistance motion pursuant to Rule 35.

II.

The court finds Sarkisian's contention that she is entitled to a downward departure in

1

sentencing based on her assistance to the government meritless. Under 18 U.S.C. § 3553(e) the government has a "*power, not a duty* to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992) (emphasis added). Thus, "the decision not to make a downward departure motion is properly within the government's discretion." United States v. Butler, 272 F. 3d 683, 686 (4th Cir. 2001). Unless the government's decision not to file a substantial assistance motion is based on an unconstitutional motive or was not rationally related to a legitimate government purpose, the court lacks authority to review a prosecutor's discretionary decision. Id. To warrant an evidentiary hearing, a defendant must make a "substantial threshold showing" of improper motive. Wade, 504 U.S. at 186.

Here, Sarkisian has not alleged that the AUSA's decision was improper. In addition, the government stated that because Sarkisian's testimony was not necessary to obtain a conviction and the state prosecutor did not specifically request a substantial assistance motion, and in light of the egregious nature of Sarkisian's crime, it chose not to file a substantial assistance motion. Because Sarkisian has failed to make a threshold showing that the government's decision was motivated by unconstitutional considerations or was not rationally related to a legitimate government purpose, the court finds no basis for questioning that discretionary decision.

### III.

For the reasons stated, the court finds Sarkisian's motion for a downward departure without merit and, therefore, denies the motion.

**ENTER:** This 10th day of November, 2004.

_____
UNITED STATES DISTRICT JUDGE